**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM, | ) |
| | ) **Criminal Case No. CF0596-16** |
| | ) GPD Report No. 16-26682 |
| Plaintiff, | ) **Criminal Case No. CF0642-19** |
| | ) GPD Report Nos. 19-34904 / 19-34891 / |
| v. | ) 19-34889 |
| | ) |
| | ) |
| **SAM ROGER KOSAM** | ) **DECISION AND ORDER** |
| (*aka* **SAM KOSAM**) | ) **GRANTING REVOCATION OF** |
| (*aka* **ROGER KOSAM**), | ) **PROBATION** |
| DOB: 01/04/1993 | ) |
| | ) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on September 19, 2023 for a Revocation Hearing in the above-captioned matter related to Sam Roger Kosam's (*aka* Sam Kosam's) (*aka* Roger Kosam's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Christian Spotanski. The People of Guam were represented by Assistant Attorney General Matthew Shuck. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Granting Revocation of Probation.

## BACKGROUND

On August 5, 2019, Defendant pled guilty to Driving While Under the Influence of Alcohol (as a 3rd Degree Felony) and Possession of a Schedule II Controlled Substance (as a 3rd Degree Felony). See CF0596-16 Judgment of Conviction (Dec. 3, 2020). A judgment was entered imposing the following relevant conditions of probation:

- **LAWS:** The Defendant shall obey all federal and local laws of Guam.

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office three (3) times per week in person, or as ordered by the Court or the Probation Office.

- **MANDATORY TESTING:** Defendant shall submit to random alcohol and drug testing under the supervision of the Adult Probation Office.

- **COUNSELING/TREATMENT:** Defendant shall attend and successfully complete any drug and/or alcohol counseling program recommended by the Court after assessment at the Guam Behavioral Health and Wellness Center at no cost to the Defendant.

- **COUNSELING/TREATMENT:** Defendant shall attend two (2) recovery support group meetings per week, for twelve (12) weeks after the taking of his plea, for a total of twenty-four (24) meetings.

- **FINE:** Defendant shall pay a fine of five thousand dollars ($5,000.00) plus court costs of eighty dollars ($80.00).

- **COMMUNITY SERVICE:** Defendant shall complete one hundred fifty (150) hours of community service under the direction of the Adult Probation Office.

Id.

In December 2019, a violation report was filed by the Adult Probation Office, indicating that Defendant had been arrested and charged with Driving While Impaired (as a 3rd Degree Felony), Driving While Impaired with Injuries (as a 3rd Degree Felony), and two counts of Leaving the Scene of an Accident with Property Damage (as a Petty Misdemeanor) in CF0642-19. See CF0596-16 1st Violation Report (Dec. 2, 2019). Defendant ultimately pled guilty and

was convicted of Driving While Impaired (as a 3rd Degree Felony). See CF0642-19 Judgment of Conviction (Nov. 17, 2020).

The judgment in CF0642-19 imposed the following relevant conditions of probation:

- **LAWS:** The Defendant shall obey all federal and local laws of Guam.

- **COUNSELING/TREATMENT:** Defendant shall attend and successfully complete any drug and/or alcohol counseling program recommended by the Court after assessment at the Guam Behavioral Health and Wellness Center at no cost to the Defendant.

- **FINE:** Defendant shall pay a fine of four thousand dollars ($4,000.00) plus court costs of eighty dollars ($80.00).

- **COMMUNITY SERVICE:** Defendant shall complete two hundred sixty-two (262) hours of community service under the direction of the Adult Probation Office.

Id.

In March 2020, another violation report was filed, indicating that Defendant had not been reporting to the Adult Probation Office as required. See CF0596-16 2nd Violation Report (Mar. 11, 2020). It had been several weeks since Defendant last reported. Id.

Defendant received another violation report indicating that he had again been arrested and charged with Criminal Mischief (as a 3rd Degree Felony), Driving While Impaired (as a 3rd Degree Felony), Family Violence (as a Misdemeanor), Eluding a Police Officer (as a Misdemeanor), and Possession of an Open Container (as a Misdemeanor) in CF0429-20. See CF0596-16 3rd Violation Report (Oct. 16, 2020), CF0642-19 1st Violation Report. Defendant ultimately pled guilty and was convicted of Criminal Mischief (as a 3rd Degree Felony), Driving While Impaired

(as a 3rd Degree Felony), and Family Violence (as a Misdemeanor). See CF0429-20 Judgment of Conviction (Feb. 6, 2023).

Defendant received another violation report indicating that he had again been arrested and charged with Violation of a Court Order (as a Misdemeanor) and Harassment (as a Petty Misdemeanor) in CM0343-21. See CF0596-16 4th Violation Report (Oct. 12, 2021), CF0642-19 2nd Violation Report (Sep. 14, 2021).

In December 2021, another violation report was filed, indicating Defendant had again been arrested and charged with Assault on a Peace Officer (as a 3rd Degree Felony), Resisting Arrest (as a Misdemeanor), Criminal Mischief (as a Misdemeanor), and Criminal Trespass (as a Petty Misdemeanor) in CF0618-21. See CF0596-16 5th Violation Report (Dec. 17, 2021), CF0642-19 3rd Violation Report (Dec. 27, 2021). Defendant ultimately pled guilty and was convicted of Criminal Mischief (as a Misdemeanor). See CF0618-21 Judgment of Conviction (Feb. 4, 2022). It was also made known that Defendant had not completed his intake/assessment at Guam Behavioral Health and Wellness Center, or made any progress on paying off his fines or completing his community service hours. See CF0642-19 3rd Violation Report (Dec. 27, 2021).

In February 2022, another violation report was filed, indicating that Defendant had refused to submit to random drug testing as ordered by Adult Probation Office. See CF0596-16 6th Violation Report (Feb. 18, 2022).

In March 2022, another violation report was filed, indicating that Defendant violated several conditions of his probation. Defendant had failed to report to the Adult Probation Office for several weeks, made no progress in paying off his fines or court costs, made no progress in completing his community service hours, and hadn't completed his required drug rehabilitation programs at GBHWC or his self-help meetings. See CF0596-16 7th Violation Report (Mar. 9,

2022), CF0642-19 4th Violation Report. The report also made known that Defendant had been arrested and charged with Theft of a Motor Vehicle (as a 2nd Degree Felony) and Burglary (as a 2nd Degree Felony) in CF0135-22. Id. Defendant ultimately pled guilty to and was convicted of Theft (as a 3rd Degree Felony) and Criminal Trespass (as a Misdemeanor). See CF0135-22 Judgment of Conviction (Nov. 27, 2023).

On July 10, 2023, the People filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). The People base their request on Defendant's repeated failures to obey both the laws of Guam and the Court's orders. See CF0596-16 Motion (Jul. 10, 2023). Opposing the Motion, Defendant claims he can still comply with his probation conditions if given another chance. See CF0596-16 Opposition to Motion (Jul. 20, 2023).

On September 19, 2023, the Court held a Revocation Hearing. During the hearing, the People moved to join in revoking Defendant's probation in CF0642-19. The Court subsequently took the matter under advisement. See CF0596-16 & CF0642-19 Minute Entry (Sep. 19, 2023).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The Defendant has continually violated his probation by repeatedly failing to obey the laws of Guam. Since initially entering probation, Defendant has been convicted of multiple felonies stemming from several distinct incidents. Defendant also repeatedly failed to report to the Adult Probation Office and has made zero progress in paying off his fines and court costs, or completing his community service hours.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of his probation. Defendant has shown a

continuous and ongoing disregard towards following his probationary conditions, having been convicted of multiple felonies while on probation.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matters.

- In CF0596-16: The Defendant is hereby **sentenced** to **three (3) years incarceration** at the Department of Corrections, Mangilao with credit for time served.

- In CF0642-19: The Defendant is hereby **sentenced** to **three (3) years incarceration** at the Department of Corrections, Mangilao with credit for time served.

- This period of incarceration set forth above shall run consecutive to any other period of incarceration Defendant serves. After the completion of the Defendant's sentence the Court shall close the above-captioned cases.

**IT IS SO ORDERED** this ___DEC 1 5 2023___

---

**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**